UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cv-80871-MARRA/MATTHEWMAN

UNITED STATES OF AMERICA,
STATE OF FLORIDA, and ex rel.
BEATRIZ MORALES,

      Plaintiffs,

v.

HABANA HOSPITAL PHARMACY, INC.,
a Florida corporation, et al.,

      Defendants.

_____/

FILED BY_____SW_____D.C.

Aug 7, 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON RELATOR'S MOTION FOR ATTORNEYS' FEES [DE 61]

**THIS CAUSE** is before the Court upon Relator Beatriz Morales' ("Relator") Motion for an Award of Attorneys' Fees, Expenses, and Costs Against Defendants ("Fees Motion") [DE 61]. The Honorable Kenneth A. Marra, United States District Judge, referred the Fees Motion to the undersigned United States Magistrate Judge. *See* DE 62. Defendant Habana Hospital Pharmacy, Inc. ("Defendant Habana" or "Habana") has filed a Response [DE 67], and Relator has filed a Reply [DE 70]. Moreover, the Court held a hearing on the Fees Motion via Zoom video teleconference (VTC), on February 1, 2023. *See* DE 82.[1] Thus, the matter is now ripe for review. For the reasons that follow, the undersigned Magistrate Judge **RECOMMENDS** that the District Judge **GRANT IN PART AND DENY IN PART** Relator's Fees Motion [DE 61].

---

[1] Following that hearing, Defendant filed a Notice of Filing Demonstrative Exhibits [DE 83] due to difficulties with screen sharing during the hearing.

## I.   <u>BACKGROUND</u>

A.   <u>Complaint and Settlement Agreement</u>

This is a case brought under the False Claims Act. [DE 1]. Pursuant to the False Claims Act, on April 14, 2022, "the United States notified the Court of its election to partially intervene in th[e] action for the purposes of settlement." [DE 56 at 1] (citing DE 50). Accordingly, on June 28, 2022, a settlement agreement was fully executed. *See* DE 56. That settlement agreement was entered into by: (1) the United States; (2) Habana; (3) APB&J Holdings Corporation d/b/a Medicine Shoppe #0089; (4) Tropic Pharmacy Holdings, Inc.; (5) Longevity Drugs, LLC; (6) Forest Hill Pharmacy, LLC;[2] and (7) Relator. [DE 56-1 at 1]. And importantly, while Relator "claim[ed] entitlement under 31 U.S.C. § 3730(d) to a share of the proceeds of th[e] Settlement Agreement and to . . . reasonable expenses, attorneys' fees and costs," the Settling Defendants "specifically reserve[d] all defenses and rights to challenge any claim for the award of attorney's fees, expenses or costs to Relator, including any subsequent motion or litigation for a statutory award pursuant to 31 U.S.C. § 3730(d) or any law or provision." [DE 56-1 at 3]. Moreover, nothing in the settlement agreement "prohibit[ed] Relator from moving for a statutory fee award or prevent[ed] the Settling Defendants from contesting such an award, either in part or in full." *Id.*

With the parties' settlement agreement in mind, on July 28, 2022, the Court entered a Final Order of Dismissal [DE 58]. Thereafter, on September 12, 2022, Relator filed the Motion for an Award of Attorneys' Fees, Expenses, and Costs Against Defendants [DE 61] at issue. According to Relator, "[b]ecause the United States . . . intervened and settled this matter, Relator is entitled to an award of reasonable attorneys' fees, costs, and expenses under the False Claims Act." [DE

---

[2] The United States, Habana, APB&J Holdings Corporation d/b/a Medicine Shoppe #0089, Tropic Pharmacy Holdings, Inc., Longevity Drugs, LLC, and Forest Hill Pharmacy, LLC are hereinafter referred to as the "Settling Defendants."

61 at 2]. None of the Defendants filed a timely response to the Fees Motion. At that point, the matter was then referred to the undersigned United States Magistrate Judge by the Honorable Kenneth A. Marra, United States District Judge, on September 29, 2022, for a report and recommendation. [DE 62].

    B. <u>Motion for Extension of Time, Motion to Compel, and Request for Hearing</u>

        1. <u>Motion for Extension of Time</u>

Subsequently, on October 10, 2022, Andrew Levi, Esq. appeared on behalf of Defendant Habana. [DE 63]. The next day, Mr. Levi filed a Motion for Extension of Time to Respond to Plaintiffs' Motion for an Award of Attorneys' Fees, Expenses, and Costs [DE 64]. In Habana's motion, Mr. Levi acknowledged that Habana's response was overdue. Nonetheless, he noted that he had only recently been retained by Habana and requested additional time to prepare a response to the Fees Motion. Relator opposed Defendant Habana's request, arguing that Habana failed to timely respond, and that Habana should not be allowed to do so belatedly. [DE 65].

The Court granted Defendant Habana's motion for extension of time, noting that it preferred to resolve matters on the merits. [DE 66]. Thus, the Court set a briefing schedule on Relator's Fees Motion. Habana filed its response in opposition on October 25, 2022 [DE 67], and Relator filed her reply on November 15, 2022 [DE 70].

        2. <u>Motion to Compel Discovery</u>

Thereafter, on November 23, 2022, Defendant Habana filed a Motion to Compel Discovery Responses from Relator ("Motion to Compel") [DE 71]. Specifically, within the Motion to Compel, Defendant Habana took issue with the "many time entries for Ms. Khawam that appear to have been recreated by duplicating, *en masse*, the time entries of other attorneys." *Id.* In this regard, Habana noted Ms. Khawam's (Relator's co-counsel's) Declaration that the billing entries

attached to the Fees Motion "do not reflect any time after July 19, 2018, or any of [Ms. Khawam's] time entries" due to "a computer error that resulted in lost data," all while Relator simultaneously "included hundreds of entries after July 19, 2018 and myriad entries for Ms. Khawam" within the billing entries attached to the Fees Motion. [DE 71 at 2].

The Court held a hearing on the Motion to Compel on December 19, 2022. [DE 76]. Ultimately, at that hearing, Ms. Khawam did not fully or adequately explain why her Declaration was at odds with the billing entries (specifically, how she could claim that time entries were destroyed after July 19, 2018 in her Declaration but then bill for time entries *after* July 19, 2018 within the same filing). In any event, following the hearing, on December 22, 2022, the Court issued an Order Granting in Part and Denying in Part Defendant Habana's Motion to Compel [DE 77].

Specifically, the Court denied Habana's Motion to Compel to the extent Habana requested documents beyond what was contemplated by Local Rule 7.3. [DE 77 at 5]. However, the Court granted Habana's motion "to the extent Relator's Motion or Reply d[id] not already provide: (1) the identity, experience, and qualifications for each timekeeper for whom fees are sought; (2) the number of hours reasonably expended by each such timekeeper; (3) a description of the tasks done during those hours; and (4) the hourly rate(s) claimed by each timekeeper." *Id.*

Further, as part of the Court's December 22, 2022 Order, the Court also stated that it "does intend to find that Habana is jointly and severally liable for any award of attorneys' fees and costs." *Id.* at 6. In doing so, the Court noted the "discretion courts are vested in determining how to divide liability," stating that "joint and several liability would be appropriate under the facts of this case." *Id.* (citing *United States v. Sleep Med. Ctr.*, No. 12-cv-1080-J-39PDB, 2016 WL 11567785, at *20 (M.D. Fla. Aug. 23, 2016), *report and recommendation adopted sub nom. United States ex rel.*

*Nichols v. Sleep Med. Ctr.*, No. 12-cv-1080-J-39PDB, 2016 WL 11567770 (M.D. Fla. Dec. 6, 2016)). Additionally, based on the Court's stated intent to find joint and several liability, the Court directed the parties to file a "Joint Notice advising whether they have agreed on an amount of attorneys' fees" on or before January 6, 2023. *Id.* at 6.

      3.  <u>Request for Hearing</u>

The parties filed the requisite Joint Notice, stating that an agreement had not been reached. [DE 79]. Defendant Habana also filed a "Request for Hearing on Relator's Motion for Attorney's Fees, Costs, and Expenses." [DE 80]. In Defendant Habana's Request for Hearing [DE 80], Habana noted that Relator "ha[d] since modified her fee request, reducing counsel's hourly rate and eliminating some, but not all, of the duplicative and unrecoverable entries." [DE 80 at 1]. However, Habana contended that "Relator's modified billing records continue to raise questions . . . regarding the accuracy and adequacy of the documents submitted in support of the motion and [that] her fee request still seeks an excessive fee award for the many reasons set out in Habana's response." *Id.*

Defendant Habana therefore requested a hearing to "facilitate a discussion of the deficiencies in Relator's motion, including the accuracy and credibility of the billing records submitted in support, the inclusion of numerous duplicative time entries and the excessive number of hours for which recovery is sought." *Id.* at 2. The Court granted Habana's Request for Hearing, leading up to the February 1, 2023 hearing.

      4.  <u>February 1, 2023 Hearing</u>

At the February 1, 2023 hearing, Ms. Khawam explained the discrepancy in her Declaration as an exercise in changing software programs and being unable to "pull out the information herself." She stated that the billing entries on behalf of the Whistleblower Law Firm

were done properly and contemporaneously, and that in an effort to resolve this matter in good faith, she had taken a major "haircut" in this case and reduced her fees significantly. She also stated that all billing entries concerned work specifically done on this case. With respect to Mr. Wolfson (Relator's co-counsel), he stated: (1) that he had been brought in later; (2) that he did some of his own work drafting documents and would forward research; (3) that he had frequent meetings with the Relator by telephone; and (4) that he would frequently go to Ms. Khawam's office.

Turning to Habana, Mr. Levi argued that Mr. Wolfson should bill at a rate similar to that of Ms. Khawam's reduced rate. He further stated that the factors courts address when considering joint and several liability weighed in favor of not holding Habana jointly and severally liable.

5.   Significant Discrepancy between Fees Motion and Reply

Notably (and as a brief summation, which will be explained in detail below), in Relator's Fees Motion [DE 61], Relator requested $348,987.50 in attorneys' fees, including seeking a $700.00 hourly rate for Ms. Khawam, and $1,264.35 in costs and expenses. In response, Defendant Habana did not truly dispute legal entitlement. Rather, Habana argued that Relator's requested fees were excessive and unreasonable. [DE 67 at 1–2]. Thereafter, in Relator's Reply, Relator stated that she had "taken note of Defendant Habana's comments regarding Relator's attorneys' fees and costs and ha[d] revised [the] fees and schedules in an exercise of billing discretion." [DE 70 at 4]. Accordingly, Relator now seeks a reduced amount of $184,983.75 in attorneys' fees, including a reduced $400.00 hourly rate of Ms. Khawam, and $1,264.35 in costs and expenses. *See* DEs 70-1, 70-2, 78. The differences in the requests between the Fees Motion (split between co-counsel Ms. Khawam and her Whistleblower Law Firm, and co-counsel Mr. Wolfson) and the Reply are as follows:

| INITIAL BILLING ENTRIES WHISTLEBLOWER LAW FIRM | | UPDATED BILLING ENTRIES WHISTLEBLOWER LAW FIRM | |
|---|---|---|---|
| Natalie Khawam | $700 (297.4 hours) | Natalie Khawam | $400 (288 hours) |
| Loretta Poston | $300 (106.4 hours) | Loretta Poston | $300 (2.4 hours) |
| Samantha Postlewaite | $300 (115.3 hours) | Samantha Postlewaite | $150 (11.9 hours) |
| Sabrina Mentor | $300 (10.5 hours) | Sabrina Mentor | $150 (1.7 hours) |
| Trescot Gear | $300 (0.5 hours) | Trescot Gear | N/A |
| Cody Mattull | $150 (4.5 hours) | Cody Mattull | N/A |
| Total Hours | 534.6 | Total Hours | 304.0 |
| Total Atty Fees | $278,665.00 | Total Atty Fees | $118,140.00 |
| Total Costs/Expenses | $685.85 | Total Costs/Expenses | $685.85 |
| TOTAL | $279,350.85 | TOTAL | $118,825.85 |

| INITIAL JAY WOLFSON BILLING ENTRIES | | UPDATED JAY WOLFSON BILLING ENTRIES | |
|---|---|---|---|
| Jay Wolfson | $575 | Jay Wolfson | $575 |
| Total Hours | 122.3 | Total Hours | 116.25 |
| Total Atty Fees | $70,322.50 | Total Atty Fees | $66,843.75 |
| Total Costs/Expenses | $578.50 | Total Costs/Expenses | $578.50 |
| TOTAL | $70,901.00 | TOTAL | $67,422.25 |

## II.   MOTION, RESPONSE, AND REPLY

### A.   The Fees Motion [DE 61]

Relator begins by noting that the Fees Motion "follows a settlement agreement under which three entities—Habana Hospital, Inc.[,] . . . Longevity Drugs, LLC, and Forest Hill Pharmacy, LLC . . . agreed to pay the United States $830,707.19 to settle the allegations in [her] False Claims Act lawsuit." [DE 61 at 2].[3] Relator claims she is entitled to an award of reasonable attorneys' fees, costs, and expenses under the False Claims Act "[b]ecause the United States has intervened and settled this matter." *Id.*

To this end, Relator states that counsel Natalie Khawam and Jay Wolfson have "attempted, for months, to negotiate in good faith with current and former counsel for Defendant Habana . . . to resolve Relator's statutory right to fees." *Id.* It is Relator's position that, even though there are

---

[3] Relator will receive a 20% share of the settlement. [DE 61 at 5]. The settlement also "expressly reserve[s] Relator's right to recover statutory fees, costs, and expenses." *Id.* at 6.

five Defendants in this case, Defendant Habana is jointly and severally liable, as Habana has "refused to provide contact information for either Longevity Drugs, LLC, or Forest Hill Pharmacy, LLC" (two of the other four defendants mentioned in the Settlement Agreement), despite knowledge of the same. *Id.*

Turning to the actual request for attorneys' fees, costs, and expenses, Relator contends that its counsel's "fees for time spent prosecuting the underlying violation of the False Claims Act are reasonable," noting that the "[e]xpenses and costs, . . . account for less than two percent of the settlement in this matter." *Id.* at 3. In support, Relator states that "False Claims Act litigation is unique in the amount of time it takes to thoroughly vet, investigate, research, and prepare a successful complaint." *Id.* In this regard, Relator states that its counsel "thoroughly vetted Relators' allegations through phone calls, legal research, and substantial document review." *Id.* at 5. Moreover, "[i]n addition to drafting the Complaint with detailed factual support, [Relator also states that its counsel] engaged in the intensive pre-suit disclosure process unique to FCA actions." *Id.*

With respect to Relator's counsel's hourly rates, in the Fees Motion itself, Relator sought a $700.00 hourly rate for Natalie Khawam, a $575.00 hourly rate for Jay Wolfson, a $150.00 hourly rate for Cody Mattull, and a $300.00 hourly rate for Loretta Poston, Samantha Postlewaite, Sabrina Mentor, and Trescot Gear. *Id.* at 8. Relator contended these rates are reasonable by citing several Middle District and Southern District cases with similar rates accounting for the passage of time. *Id.* at 9. Additionally, Relator cited the *Johnson* factors, arguing that this case involves a subject matter with which only a small number of practitioners are familiar, and that Relator's counsel took the case on a contingency basis and achieved excellent results. *Id.* at 9–10.

As to the number of hours Relator's counsel expended, Relator argued that "[r]eview of Relator's Counsel's entries shows that they are reasonable and should be awarded in full," as "Relator's Counsel exercised billing judgment before submitting fees for the Court's consideration by excluding certain time entries identified after a line-by-line review." *Id.* at 10. Finally, as to Relator's costs and expenses, Relator argued that the $1,264.35 amount was necessary: "(1) to investigate this matter; (2) to ensure compliance with local rules and [to] pay filing fees; (3) to comply with the FCA's requirements for service of the 'complaint and written disclosure of substantially all material evidence and information the person possesses'; . . . (4) to attend a Government interview of the Relator; and (5) to pursue this Motion for statutory attorneys' fees, costs, and expenses." *Id.* at 12.

In total—at least in the initial Fees Motion—Relator sought $685.85 in costs and expenses and $278,665.00 in attorneys' fees (for 534.6 hours of billable time), for the work conducted by the Whistleblower Law Firm (of which Ms. Khawam and several other attorneys are part), and $578.50 in costs and expenses and $70,322.50 in attorneys' fees (representing 122.3 hours of billable time) for the work conducted by Jay Wolfson on behalf of his firm. *Id.* at 20. Thus, Relator's initial Fees Motion sought attorneys' fees, costs, and expenses in the total amount of $350,251.85. Further, Relator asserted that the Court should "retain jurisdiction for proceedings supplementary to this matter to enforce Relator's legitimate, statutory claim to fees even after entering judgment in Relator's favor on this Motion." *Id.* at 4.

B. Defendant's Response [DE 67]

To begin, Defendant Habana noted in its Response that Relator seeks an award of nearly $350,000.00 in attorneys' fees in a case in which the only substantive filing was the Complaint. [DE 67 at 1]. It is Habana's position that Relator's fees are excessive and unreasonable, as "[t]he

majority of the requested fees are not adequately documented and others were redundant and unnecessary." *Id.* at 1–2. In fact, Habana notes that, while Relator received $166,141.44 of the $830,707.19 in settlement payout, Relator is now seeking $348,987.50 in attorneys' fees and $1,264.35 in costs and expenses. *Id.* at 2. Habana thus argues that the Court should either deny Relator's fee request in its entirety (as it is grossly unreasonable), or significantly reduce any fee award "due to counsel's unreasonable rates, duplicative hours, and deficient billing entries, among other failings." *Id.* at 3.

With respect to its request that the Court deny Relator's Fees Motion in its entirety, Defendant Habana cites a Third Circuit case providing that a court may deny a fee petition outright if it contains "so many inappropriate billing entries . . . that a line-by-line reduction would be infeasible, inaccurate, and would further waste the public's resources." *Id.* at 3 (citing *Young v. Smith*, 905 F.3d 229, 234 (3d Cir. 2018)). As argued by Habana, "an outright denial or a substantial reduction of fees is warranted given the circumstances[, as] Relator's Motion seeks fees for excessive amounts of time, myriad duplicative entries, and worse, time entries that appear to have been recreated by duplicating *en masse* the time entries of other attorneys." *Id.* at 4. Moreover, Habana again notes Relator's limited involvement in the case, stating her only "substantive involvement was the preparation of the Complaint." *Id.*

However, if the Court is inclined to award any fees at all, Defendant Habana argues the Court should apply an across-the-board reduction. *Id.* at 5. According to Habana, Relator's counsel's requested rates "far exceed the prevailing market rate." *Id.* at 6. Indeed, Habana argues that Relator fails to adequately support the requested rates through case law. *Id.* at 6–7. Habana also notes that several attorneys billing at a rate of $300.00 per hour on behalf of the Whistleblower Law Firm were either not barred or newly barred at the time they were working on the case. *Id.* at

7. And interestingly, Habana also points to a Florida Supreme Court public reprimand of Ms. Khawam, in which she was reprimanded for charging a $400.00 hourly rate for law clerks at her firm (who had completed law school but were not yet admitted to The Florida Bar). *Id.*

Turning to the number of hours, Defendant Habana argues that "Relator's request to be compensated for 656.9 hours on a case in which her only substantive filing was the Complaint is grossly excessive. Her attorneys issued no discovery, took no depositions, argued no motions and conducted no hearings. Instead, the Government investigated and settled this case." *Id.* at 9. In any event, Habana argues that "numerous entries must be eliminated or reduced due to the inclusion of fees that are unsupported by credible evidence, fees for duplicative work, fees for unrecoverable categories of time, and vague and block-billed time entries." *Id.*

With respect to Natalie Khawam, Defendant Habana notes that "Relator's Motion . . . seeks more than $200,000 in fees attributed to [her] that appear to be, in their entirety, after-the-fact recreations of time entries that are entirely duplicates of other timekeeper's time entries." *Id.* at 9. It is here that Habana notes the discrepancy between Ms. Khawam's Declaration (in which she states that a computer error resulted in lost data post-July 19, 2018) and her attached billing entries (which include hundreds of entries from Ms. Khawam after July 19, 2018). *Id.* at 10. Moreover, even beyond the duplicate entries, Habana notes that Ms. Khawam has also duplicated some of Mr. Wolfson's billing, and that Ms. Khawam's billing entries are redundant. *Id.* at 11–12. For example, Habana points to three separate Whistleblower Law Firm attorneys or employees billing nearly 20 total hours on March 28, 2017 to "gather, review and index exhibits to the complaint." *Id.* at 12.

Further, Defendant Habana argues that "[t]here are multiple categories for which Relator's counsel expended excessive time, as listed in their bill." *Id.* at 13. As an example, Habana points

to counsel spending "more than 75 hours in meetings with the Relator relating to the preparation of the complaint." *Id.* at 13. "Counsel also billed 24 hours drafting an amended complaint in 2018 that was either not prepared for this case or was never filed in it." *Id.* In this regard, Habana notes that "Relator filed two related cases, one of which was unsuccessful and dismissed in July 2018." *Id.* at 14. However, Habana then notes that "Relator makes no effort to differentiate what time was spent on that unsuccessful litigation in her fee request." *Id.* at 14.

Next, Defendant Habana points to "more than 40 hours and $20,500 in fees for which Relator seeks recovery for administrative and clerical tasks." *Id.* at 14–15. Habana also points to improper travel expenses for Relator's non-local attorneys. *Id.* at 15–16. And, Habana notes Mr. Wolfson's actions in block billing several hours, and counsel's usage of "vague" billing entries referencing "correspondence" without the necessary context. *Id.* at 16–17.

Defendant Habana concludes by requesting that "if the Court awards fees and expenses to Relator, that she be required to identify what fees were incurred in preparing Relator's case against each defendant and that the award be apportioned based on those amounts." *Id.* at 18. Habana argues that it is a dissolved corporation that has no assets, and that it was just one of ten named defendants "in Relator's Second Civil Action" (and one of five named in the settlement agreement). *Id.* Habana also notes that "[t]he defendants did not jointly defend against Relator's claims," citing such as a factor disfavoring joint and several liability. *Id.*

C.  Relator's Reply [DE 70]

In Relator's Reply, Relator argues that "Habana's counsel, in its response to Relator's motion for fees, did not respond to any of Relator's arguments in support of their reasonable fees and costs, except to challenge all fees and to deny the applicability of Defendant Habana's joint and several liability." [DE 70 at 3]. On this matter, Relator argues that "[t]he principle of joint and

several liability is not dependent on how liability may have been apportioned in the settlement by defendants with DOJ." *Id.*

With that said, while ignoring pretty much the entirety of Defendant Habana's Response, Relator states that she has "taken note of Defendant Habana's comments regarding Relator's attorneys' fees and costs and has revised their fees and schedules in an exercise of billing discretion." *Id.* at 4. Thus, in the Reply, Relator reduces the request for attorneys' fees on behalf of the Whistleblower Law Firm to $118,140.00 (to account for 304 hours expended). [DE 70-1 at 27–28; DE 78 at 28]. Moreover, Relator reduces the request for attorneys' fees on behalf of Jay Wolfson to $66,843.75 (to account for 116.25 hours expended). [DE 70-2 at 8–9; DE 78 at 10].

## III.   DISCUSSION AND ANALYSIS

### A.  Entitlement

"A successful relator is entitled to recover fees under the False Claims Act 'for reasonable expenses which the Court finds to have been necessarily incurred, plus reasonable attorneys' fees and costs, with all such expenses, fees, and costs . . . awarded against the defendant." *U.S. ex rel. Educ. Career Dev., Inc. v. Cent. Fla. Reg'l Workforce Dev. Bd., Inc.*, No. 04-CV-93-ORL-19DABC, 2007 WL 1601747, at *2 (M.D. Fla. June 1, 2007) (quoting 31 U.S.C. § 3730(d)(1)). To this end, a "prevailing party" is a party having received a settlement under the False Claims Act and is entitled to an attorneys' fee award. *See id.*

While the Court is very troubled by many facts and misrepresentations underlying this fee application, including but not limited to the excessive amount of attorneys' fees, costs, and expenses initially sought in this case ($350,251.85), compared to the reduced amount that Relator's counsel are now seeking ($186,248.10), as well as the $700.00 hourly rate claimed by Ms. Khawam, which was later reduced to $400.00, and while the Court is further troubled by the prior

Florida Supreme Court reprimand of Relator's counsel, Ms. Khawam, for engaging in improper billing practices, DE 67-1 at 8–19, this Court will not deny all attorneys' fees, costs, and expenses to Relator's counsel. The Court has seriously considered the option of denying all of the attorneys' fees, costs and expenses sought by Relator (at least, as it pertains to Ms. Khawam and the Whistleblower Law Firm), but ultimately finds that a total denial of fees, costs, and expenses would be unfair and unnecessary. However, the Court will take into account these facts, as well as all other relevant facts and the *Johnson* factors, in determining a reasonable award of attorneys' fees, costs, and expenses.

Thus, the Court finds that Relator is entitled to a reasonable attorneys' fees, costs, and expenses award, as determined below, in light of the settlement agreement in this case. *See* DE 56-1. While the Settlement Agreement provides that the Settling Defendants are not prohibited "from contesting such an award, either in part or in full," Habana disputes Relator's fees request because it is "excessive and unreasonable"—not on the legal basis of entitlement. *See* DE 67 at 1–2. Accordingly, the undersigned United States Magistrate Judge **FINDS AND RECOMMENDS** that the United States District Judge find that Relator is entitled to an award of reasonable attorneys' fees, costs, and expenses in this case.

The Court will now turn to a determination of the next issue in this case; that is, the reasonable attorneys' fees amount.

B.   Reasonable Attorneys' Fees Amount

A reasonable attorneys' fee award is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (*quoting Blum v. Stenson*, 465 U.S. 886, 888 (1994)). This "lodestar" may then be adjusted for the results obtained by the attorney. *See Barnes*, 168 F.3d at

427 (*citing Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)). "Courts use the 'lodestar' methodology to determine reasonable attorney's fees in *qui tam* actions." *U.S. ex rel. Educ. Career Dev., Inc.*, 2007 WL 1601747, at \*3. "In determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to consider the 12 factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). These factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 1350 n.2 (citation omitted). However, the Court may also use its own experience in assessing the reasonableness of attorneys' fees. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1999).

The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436 (*quoting Norman*, 836 F.2d at 1299)). The fee applicant bears the burden of establishing the claimed market rate. *See Barnes*, 168 F.3d at 427. With regard to the type of evidence that the fee claimant should produce in support of a claim, in *Barnes*, the Eleventh Circuit has stated that

> [t]he fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman*, 836 F.2d at 1303. That burden includes "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity .

> . . . A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case." *Id.* (citations omitted).

168 F.3d at 427.

In submitting a request for attorneys' fees, fee applicants are required to exercise "billing judgment." *Barnes*, 168 F.3d at 428 (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). If fee applicants do not exclude "excessive, redundant, or otherwise unnecessary" hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*," the court must exercise billing judgment for them. *See id.* (quoting *Norman*, 836 F.2d at 1301). The burden rests on the movant to submit a comprehensive request for fees so the court can determine how much time was reasonably expended. *Loranger*, 10 F.3d at 782. "But trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So, trial courts may take into account their overall sense of a suit and may use estimates in calculating and allocating an attorney's time." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

The Court has carefully considered the above factors and law in arriving at an award of reasonable attorneys' fees, costs, and expenses in this case.

    1.  <u>Reasonable Hourly Rate</u>

        a.  <u>Whistleblower Law Firm</u>

According to Relator's Reply [DE 70]—which contains an attachment indicating the hourly rate and hours expended by Whistleblower Law Firm personnel—the Whistleblower Law Firm (as co-counsel for Relator) is now seeking a $400.00 hourly rate for Natalie Khawam, Esq.,

a $300.00 hourly rate for Samantha Postlewaite, Esq., a $300.00 hourly rate for Sabrina Mentor, Esq. and a $300.00 hourly rate for Loretta Poston, Esq.[4]

i.   Natalie Khawam

As stated in the Declaration of Natalie Khawam and Jay Wolfson in Support of Relator's Motion ("Declaration") [DE 61 at 14–21], Ms. Khawam has over 15 years of experience as an attorney, is the founder of the Whistleblower Law Firm, "represent[s] whistleblowers under federal and state False Claims Act and . . . Whistleblower Protection Act" cases, and "ha[s] been teaching Whistleblower Law across the United States." [DE 61 at 15].

Based on the Declaration, and drawing from the Court's own knowledge and experience, the Court finds that a $400.00 hourly rate for Ms. Khawam is reasonable. *See Southern-Owners Ins. Co. v. Marquez*, No. 20-81431-CIV, 2022 WL 2651661, at *13 (S.D. Fla. July 8, 2022) (finding a $395.00 hourly rate reasonable for an attorney with more than ten years of experience, and whose practice was largely dedicated to commercial litigation). Indeed, during the February 1, 2023 hearing, counsel for Habana admitted that Ms. Khawam's reduced $400.00 hourly rate was no longer objectionable.[5]

ii.   Samantha Postlewaite

Samantha Postlewaite "is a Principal Member and Managing Partner at Legal Lion Employment Law Firm" with "over five years [of] experience as an attorney, including representing whistleblowers, federal employees, and others." [DE 61 at 17].

Here, however, Habana has noted that Ms. Postlewaite (now Ms. Ghezelbash) was admitted to the Florida Bar on April 10, 2017. [DE 83-2 at 29]. Thus, because Habana objects to

---

[4] The billing entries are also filed at DE 78.
[5] For the sake of clarity, the Court notes that Ms. Khawam's Florida Bar page indicates that she was admitted on September 26, 2006. Thus, Ms. Khawam's work on this case began when she had less than ten years of experience. In any event, Habana has not objected to Ms. Khawam's $400.00 hourly rate.

Ms. Ghezelbash's $300.00 hourly rate on the basis that certain hours worked were before she was admitted to The Florida Bar, the Court must determine a proper hourly rate for Ms. Ghezelbash both before and after her admission to The Florida Bar.

A review of the Whistleblower Law Firm's billing logs reveals that Ms. Ghezelbash worked on this case for 11.9 total hours—10.6 hours before April 10, 2017, and 1.3 hours after April 10, 2017. *See* DE 78 at 12–28. And, of the time spent on this case after April 10, 2017, all 1.3 hours were within an eight-day period. Accordingly, the Court finds that a $150.00 hourly rate is appropriate for Ms. Ghezelbash for her work on this case before April 10, 2017, and that a $175.00 hourly rate is appropriate for Ms. Ghezelbash following her work on this case after April 10, 2017. *See Carruthers v. Israel*, 274 F. Supp. 3d 1345, 1354 (S.D. Fla. 2017) (finding $160.00 per hour a reasonable rate for law clerks in the Southern District from around this time period); *H.C. v. Bradshaw*, 426 F. Supp. 3d 1266, 1281 (S.D. Fla. 2019) (finding a $200.00 hourly rate reasonable for an attorney with approximately one year of experience in South Florida).

### iii. Loretta Poston

Loretta Poston is also "a Principal Member at Legal Lion Employment Law Firm, PLLC" with "over six year[s of] experience as an attorney," focusing her career "around the legal issues that arise from the government employer/employee relationship, including issues related to workplace safety, whistleblower disclosures, adverse employment actions, disability leave laws, workplace harassment, employee discrimination, and prohibited personnel practices." [DE 61 at 16]. Although not noted by Habana, Ms. Poston was admitted to the Florida Bar on April 21, 2016.

Here, a review of the Whistleblower Law Firm's billing logs reveals that Ms. Poston worked on this case for a total of 2.4 hours, all within a year or two of becoming a member of The Florida Bar. Thus, the Court finds that a $200.00 hourly rate is appropriate for Ms. Poston in this

18

case. *See H.C. v. Bradshaw*, 426 F. Supp. 3d 1266, 1281 (S.D. Fla. 2019) (finding a $200.00 hourly rate reasonable for an attorney with approximately one year of experience in South Florida).

### iv. <u>Sabrina Mentor</u>

As stated in Ms. Khawam's Declaration, Sabrina Mentor "is an Associate Attorney in Cole, Scott, & Kissane's Orlando office. She has over five years of experience as an attorney" and focuses her practice primarily in the areas of complex and civil litigation. [DE 61 at 17].

However, as noted by Habana, Ms. Mentor was not admitted to The Florida Bar until November 30, 2020. [DE 83-2 at 31]. And, all of Ms. Mentor's work in this case was done in 2017. Therefore, the Court finds that a $150.00 hourly rate is appropriate for Ms. Mentor's work in this case at a Law Clerk rate. *See Carruthers v. Israel*, 274 F. Supp. 3d 1345, 1354 (S.D. Fla. 2017) (finding $160.00 per hour a reasonable rate for law clerks in the Southern District from around this time period).

### b. <u>Jay Wolfson</u>

As also stated in the Declaration of Natalie Khawam and Jay Wolfson in Support of Relator's Motion ("Declaration") [DE 61 at 14–21], Mr. Wolfson is "a solo practice attorney, serving as co-counsel for Relator," has more than 25 years of experience as an attorney, holds a doctorate in public health, holds a master's degree in public health, and holds a master's degree in history. [DE 61 at 15–16]. Further, Mr. Wolfson is a "Distinguished Serviced Professor of Public Health, Medicine, Pharmacy and Industrial Engineering, Senior Associate Dean, Morsani College of Medicine and Associate Vice President, Health Law, Policy and Safety at the University of South Florida and a faculty at Stetson University College of Law." *Id.* at 15.

Again, although not referenced by Habana, the Court notes that Mr. Wolfson was admitted to The Florida Bar on May 25, 1994, and that Mr. Wolfson's work on this case started in early

2017. [DE 78 at 3]. Thus, at the time Mr. Wolfson began work on the case, he had nearly 23 years of experience.

That being said, Mr. Wolfson is seeking an hourly rate of $575.00. While Habana argued during the February 1, 2023 hearing that Mr. Wolfson's hourly rate should be reduced to match that of Ms. Khawam, the Court disagrees. Drawing from the Court's own knowledge and experience, the Court finds that a reduction in Mr. Wolfson's hourly rate from $575.00 to $500.00 is appropriate in this case. *See Landfall 2, Inc. v. Datascore-Ai, LLC*, No. 22-cv-80801, 2023 WL 1979533, at *5 (S.D. Fla. Feb. 8, 2023) (reducing a $700.00 hourly rate to $500.00 for an attorney with roughly 17 years of experience in a highly specialized area of law); *Graves v. Plaza Med. Ctrs., Corp.*, No. 10-23382-CV, 2018 WL 3699325, at *5 n.7 (S.D. Fla. May 23, 2018), *report and recommendation adopted*, No. 10-23382-CIV, 2018 WL 3697475 (S.D. Fla. July 13, 2018) (noting that Mr. Wolk provided evidence that the average hourly rate for an attorney with 20 years of experience in Miami was $456.00 and awarding Mr. Wolk $540.00 in a False Claims Act case, which was "higher than other courts in this district have generally applied to counsel of comparable experience").

2.   Number of Hours Reasonably Expended

The Court has independently reviewed the time entries of the Whistleblower Law Firm and Mr. Wolfson—as well as the specific objections lodged by Habana—to determine if the hours claimed are reasonable and if the time spent falls within the scope of recoverable tasks. In doing so, the Court has determined a number of deficiencies in the billing entries.

As an initial matter, the Court notes here that it is quite surprised and dismayed by the excessive amount of attorneys' fees, costs, and expenses originally sought in this case ($350,251.85), which Relator's counsel only whittled down to a somewhat lower amount requested

($186,248.10) after extensive motion practice and the necessity of Court hearings. The Court is also surprised and dismayed by the exorbitant $700.00 hourly rate initially sought by Ms. Khawam, and by the fact that she initially billed "attorney" time for certain individuals specified above who were not even attorneys at the time. This has caused this Court to expend an extensive amount of scarce judicial resources on what should have been a relatively simple task of determining a reasonable award of attorneys' fees. Further, the Court finds it very unusual and highly suspicious that Ms. Khawam previously suffered a Florida Supreme Court public reprimand where she was reprimanded for charging a $400.00 hourly rate for law clerks at her firm (who had completed law school but were not yet admitted to The Florida Bar). *See* DE 67-1 (containing the documents describing Ms. Khawam's public reprimand). This prior behavior of Ms. Khawam bears unfortunate similarities to some of her conduct in this case. While the Court will not deny all attorneys' fees to Relator's counsel, the Court is considering the totality of the facts relating to the pending fees request in determining what a reasonable attorneys' fee award is under the unique facts of this case.

Simply put, the Court does not fully trust Ms. Khawam's representations concerning the Whistleblower Law Firm's billing entries in light of the inaccuracies in the billing records, the alleged loss of the billing records, Ms. Khawam's prior reprimand, the clearly demonstrable falsity of representing that Ms. Mentor has five years of experience as an attorney (when she became a member of The Florida Bar in 2020 and, in fact, worked on this case in 2017), the similarity of conduct between Ms. Khawam's actions now and her prior reprimand, and the significant reduction in Ms. Khawam's hourly rate and reduced billing entries sought only after Habana appeared in this case and objected to Relator's initial inflated request for approximately $350,000.00 in fees, costs and expenses. Importantly, had Habana not appeared, the Court would

likely have recommended awarding a clearly excessive amount of attorneys' fees based on false and inaccurate information submitted by Relator. This really troubles the Court, as the Court relies on representations of counsel and must be able to trust those representations.

And what makes this even more egregious is that when Habana's counsel did appear in this case and requested leave to file an out-of-time response to Relator's fee motion, Relator's counsel objected and argued that this Court should not allow Habana to file a response. [DE 65 at 3]. However, this Court, stating that it preferred to decide matters on the merits, allowed Habana to file an out-of-time response. [DE 66]. The Court is now glad that it did so, because had the Court not permitted Habana to file an out-of-time response, the improper and excessive billing practices of Ms. Khawam, and her prior Florida Supreme Court reprimand for improper billing in another case, would not have come to light. In other words, this Court would have ruled in this case based solely on inflated, unreliable billings if the representations of Ms. Khawam in her initial fees motion had not been challenged by Habana. In this regard, the Court feels that it has been somewhat misled in this matter by Relator's counsel. But there are also other problems with Relator's billing records, as discussed below.

a.  <u>Billing for Same Task</u>

The Eleventh Circuit recognizes that "[t]here is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer." *Norman*, 836 F.2d at 1302 (citing *Johnson v. Univ. Coll. of Univ. of Ala. in Birmingham*, 706 F.2d 1205, 1208 (11th Cir. 1983)). To recover time for multiple attorneys, the fee applicant bears the burden of showing that the time spent by those attorneys reflects the distinct contribution of each lawyer to the case and the customary practice of multiple-lawyer litigation. *Barnes*, 168 F.3d 423;

*see also Lee v. Krystal Co.*, 918 F. Supp. 2d 1261, 1270 (S.D. Ala. 2013) ("With so many cooks making the broth, the need for internal conferences to keep everyone on the same recipe rises dramatically and undermines the reasonableness of those billings.").

Here, the billing logs are filled with a number of entries involving multiple attorneys billing for the same task. For example, on May 3, 2018, Ms. Khawam billed 6.6 hours for "[d]raft[ing] complaint and assemb[ling] supporting documents." [DE 78 at 24]. However, Mr. Wolfson billed 8 hours that same date for "[r]e-draft[ing] complaint and assembl[ing] supporting documents." [DE 78 at 6]. Likewise, on June 10, 2018, both Ms. Khawam and Mr. Wolfson billed the exact same amount of time for drafting the complaint. *Compare* DE 78 at 24, *with* DE 78 at 6. And, on April 29, 2019 (and several other dates), both Ms. Khawam and Mr. Wolfson billed for case conferencing. *Compare* DE 78 at 25, *with* DE 78 at 7. Both attorneys also frequently billed for conferencing with the client simultaneously. To this end, Relator's counsel has not demonstrated the necessity of multiple attorneys billing for the same task—especially on the same date. *See, e.g.*, *Korman v. Iglesias*, No. 18-21028-CV, 2019 WL 2142521, at *5 (S.D. Fla. Apr. 4, 2019), *report and recommendation adopted*, No. 18-21028-CIV, 2019 WL 2141655 (S.D. Fla. Apr. 25, 2019) ("We will also exclude from the fee award the time billed by both attorneys spent 'discussing' the case at hand."). Indeed, it does not take multiple attorneys to provide a case update to the client.

　　　　b.　Unnecessary or Excessive Hours

Second, the billing logs, such as they are, contain unnecessary or excessive hours. "Excessive, redundant, or otherwise unnecessary hours should be excluded from the amount claimed." *Heron Dev. Corp. v. Vacation Tours, Inc.*, No. 16-20683-CIV, 2019 WL 4694147, at *4 (S.D. Fla. Aug. 27, 2019) (citing *Norman*, 836 F.2d at 1301).

Here, with respect to Whistleblower Law Firm, the billing logs reflect a number of time entries from Ms. Khawam in which she was effectively communicating with herself. *See, e.g.*, DE 78 at 12 (listing Ms. Khawam as billing for a "[m]eeting with NK in re case facts and status of research/drafting). The Court finds these entries suspicious and notes that in the original Fees Motion at DE 61—before Ms. Khawam altered the Whistleblower Law Firm's billing entries to reduce the requested amount—those time entries were previously completed by Law Clerks from the Whistleblower Law Firm at a lower hourly rate. *See, e.g.*, DE 61-1 at 1 (listing that same entry as being conducted by Samantha Postelwaite (now Ghezelbrand)). In fact, a comparison between the updated billing entries contained at DE 78—and the original billing entries attached to the Fees Motion—reflects a substantial amount of time that has been altered to reflect that Ms. Khawam completed the tasks instead of Ms. Ghezelbrand or Ms. Mentor. This is somewhat shocking. While Ms. Khawam attributes this to "a computer error that resulted in lost data," DE 61 at 19, Ms. Khawam's Declaration also stated that the original billing records "do not reflect any time after July 19, 2019, or any of Natalie Khawam's time entries." *Id.* Yet, a cursory review of those billing records reveals that to be untrue. In this regard, there are several time entries from Ms. Khawam and multiple entries after July 19, 2018. *See* DE 61-1. The Court again notes that it has very serious concerns about the truthfulness of Ms. Khawam's representations in this case.

Additionally, with respect to Mr. Wolfson, he billed roughly 14 hours in connection with the preparation of an Amended Complaint from April through July of 2018. [DE 78 at 5–6]. That Amended Complaint (which would have been the Second Amended Complaint), however, was never apparently filed on the docket.[6]

---

[6] Ms. Khawam also billed for reviewing what would have been a Second Amended Complaint. *See* DE 78 at 24.

c.  <u>Block Billing</u>

Third, the billing records submitted by Relator, such as they are, evidence at least some instances of block billing. "Block billing is impermissible because it prevents the Court from determining which portion of the fees billed on a particular date is recoverable and which is not." *Winslow v. Indiheartandmind, Inc.*, No. 21-cv-80800, 2022 WL 426513, at *3 (S.D. Fla. Feb. 11, 2022).

Here, for example, on April 7, 2017, Mr. Wolfson billed 4.08 hours for "[c]ase conference, NK staff, review documents, cases/regulatory research." [DE 78 at 3]. Additionally, from May 15 through May 30, Mr. Wolfson billed 2.25 total hours for "additional edits to draft complaint, phone communications with office staff and NK, case research." [DE 78 at 4]. And, on October 26 through October 28, Mr. Wolfson billed .75 hours for "JW-AUSA notice of Settlement Offer, Phone conferences with Client, and Phone conference with AUSA." [DE 79 at 7]. This practice of block billing prevents the Court from determining how long Mr. Wolfson took on each task.

d.  <u>Clerical Work</u>

Fourth, it appears that the Whistleblower Law Firm billed for certain clerical work. Time entries for clerical or administrative tasks should be excluded. *See Thompson v. Branch Banking & Tr. Co.*, No. 19-CV-60108, 2020 WL 7061558, at *3 (S.D. Fla. Nov. 10, 2020), *report and recommendation adopted*, No. 19-CV-60108, 2020 WL 7059353 (S.D. Fla. Dec. 2, 2020), *appeal dismissed*, No. 21-10010-J, 2021 WL 1327212 (11th Cir. Feb. 5, 2021); *Ortega v. Berryhill*, No. 16-24697-CIV, 2017 WL 6026701, at *2 (S.D. Fla. Dec. 5, 2017) ("Purely clerical or secretarial tasks that require no legal skill or training, such as converting pleadings to PDF, faxing and mailing, updating lists and calendars, and filing or e-filing documents, should not be billed at a

paralegal rate regardless of who performs them.") (citing *Spegon v. Cath. Bishop of Chi.*, 175 F.3d 544, 553 (7th Cir. 1999)).

Here, the Whistleblower Law Firm billed for "pulling documents"; forwarding and uploading email attachments; indexing exhibits; re-titling exhibits and placing tabs; marking exhibits; scanning, photocopying, and organizing physical exhibits; scanning the complaint; contacting the courier; and gathering documents for service of process. *See* DE 78 at 12–28. These billing entries constitute clerical or administrative tasks and should be excluded.

e.   Miscellaneous

With that said, it does appear that several of Habana's billing entry objections lack merit.[7] To the extent Habana objects to certain tasks as "duplicative"—such as Ms. Khawam billing twice for reviewing evidence on October 13, 2016—such an endeavor is not duplicative but is merely a single task split into two billing entries. *See* DE 78 at 16. Moreover, to the extent Habana takes issue with the same tasks being billed over multiple days, it is not the number of days that the tasks were billed that constitutes block billing, but the listing of a number of different tasks within the same billing entry that constitutes block billing.

3.   Lodestar Amount

"When a district court finds the number of hours claimed is unreasonably high, the court has two choices; it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins*, 548 F.3d at 1350 (citing *Loranger*, 10 F.3d at 783); *Freestream Aircraft USA Ltd. v. Chowdry*, No. 16-CV-81232, 2017 WL 4785458, at *1 (S.D. Fla. Oct. 20, 2017). Here, based upon all the facts, the Undersigned finds that an across-the-board reduction in hours is appropriate in this case to account for, *inter alia*, the billing deficiencies

---

[7] The Court has also considered all objections referenced in Habana's Response in detail and has incorporated and considered all objectionable billing entries when calculating the proper lodestar amount.

identified above, the misrepresentations and inaccuracies made by Relator's counsel, and the lack of factual support for the amount claimed by Relator's counsel. The Court will therefore reduce the lodestar by 70% for the Whistleblower Law Firm, and by 30% for Mr. Wolfson.

Consequently, on behalf of the Whistleblower Law Firm, the attorneys' fee award is $34,560 for Ms. Khawam (reflecting 288 hours at an hourly rate of $400.00, reduced by 70%); $144.00 for Ms. Poston (reflecting 2.4 hours at an hourly rate of $200.00, reduced by 70%); $545.25 for Ms. Ghezelbrand (reflecting 10.6 hours at an hourly rate of $150.00, reduced by 70% and 1.3 hours at an hourly rate of $175.00, reduced by 70%); and $76.50 for Ms. Mentor (reflecting 1.7 hours at an hourly rate of $150.00, reduced by 70%).[8] This results in a total attorneys' fee award of $35,325.75 for the Whistleblower Law Firm. Moreover, with respect to Mr. Wolfson, the attorneys' fee award is $40,687.50 (reflecting 116.25 hours at an hourly rate of $500.00, reduced by 30%).

Stated differently, the Undersigned **FINDS** that a 70% reduction from the hours sought by the Whistleblower Law Firm on behalf of Relator is appropriate, and that a 30% reduction from the hours sought by Mr. Wolfson on behalf of Relator is appropriate. Therefore, the Undersigned also **RECOMMENDS** that Relator be awarded a *total* of $76,013.25 in attorneys' fees (reflecting $35,325.75 for the Whistleblower Law Firm, and $40,687.50 for Mr. Wolfson).

C. Costs and Expenses

1. Legal Standard

Federal Rule of Civil Procedure 54 states in part, "[u]nless a federal statute, these rules, or a court provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). For purposes of Rule 54(d)(1), a "prevailing party" is the party in

---

[8] The number of hours worked on this case by each individual can be found in the chart on page 7, *supra*.

whose favor judgment is rendered by the Court. *See Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc.*, 298 F.3d 1238, 1248 (11th Cir. 2002). Likewise, a "prevailing party" is a party having received a settlement under the False Claims Act. *U.S. ex rel. Educ. Career Dev., Inc. v. Cent. Fla. Reg'l Workforce Dev. Bd., Inc.*, No. 04-CV-93-ORL-19DABC, 2007 WL 1601747, at *2 (M.D. Fla June 1, 2007). In this regard, "the FCA provides for the award of costs taxable under 28 U.S.C. § 1920 *and* expenses." *United States ex rel. Miller v. Rose Radiology, Inc.*, No. 13-cv-2757-T-35AAS, 2016 WL 11583123, at *7 (M.D. Fla. Oct. 18, 2016). "The moving party bears the burden of demonstrating that its expenses are reasonable." *Nelson v. Wal-Mart Stores, Inc.*, No. 07-60881-CIV, 2007 WL 4482259, at *1 (S.D. Fla. Dec. 18, 2007)

Here, as discussed above, despite certain reservations and serious concerns of the Court, Relator is the prevailing party for purposes of costs and expenses, as evidenced by the existing settlement agreement. To this end, 28 U.S.C. § 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d). *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-442 (1987). Moreover, pursuant to § 1920, a judge or clerk of any court of the United States may tax costs regarding the following:

(1)    Fees of the Clerk and Marshal;

(2)    Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3)    Fees and disbursements for printing and witnesses;

(4)    Fees for exemplification and the costs of making of any materials where the copies are necessarily obtained for use in the case;

(5)    Docket fees under section 1923 of this title;

> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

    2. <u>Analysis</u>

      a. <u>Whistleblower Law Firm</u>

Relator seeks $685.85 in costs and/or expenses on behalf of the Whistleblower Law Firm. Specifically: (1) a $400.00 complaint filing fee; (2) $65.85 in mailing fees for sending a "[l]eave to file and amended complaint" via certified mail; (3) a $90.00 processing courier fee; and (4) $130.00 for delivery of disclosure. [DE 70-1 at 28; DE 78 at 28]. Each will be addressed separately below.

Relator seeks $400.00 in fees of the Clerk, constituting the $400.00 fee for filing Relator's Complaint. [DE 70-1 at 28; DE 78 at 28]. The $400.00 filing fee clearly falls within the scope of section 1920(1). Therefore, the Undersigned **RECOMMENDS** that the District Judge award the $400.00 in fees of the Clerk to Relator on behalf of the Whistleblower Law Firm.

Relator also seeks $65.85 in mailing fees. [DE 70-1 at 28; DE 78 at 28]. Mailing fees "are the type of expenses routinely charged to paying clients in the marketplace" and are reimbursable. *Acuna v. Med.-Com. Audit, Inc.*, 21-cv-81256, 2022 WL 1597814, at *3 (S.D. Fla. May 20, 2022). Therefore, the Undersigned **RECOMMENDS** that the District Judge award $65.85 in mailing fees to Relator on behalf of the Whistleblower Law Firm.

However, to the extent Relator seeks a $90.00 processing courier fee, and a $130.00 delivery of disclosure fee (listed under courier fees), courier service costs are not recoverable under section 1920. *See Porcelanas Florencia, S.A. v. Caribbean Resort Suppliers, Inc.*, No. 06-22139-

CIV, 2009 WL 1456338, at *7 (S.D. Fla. May 22, 2009). Moreover, to the extent the fees may be recoverable as expenses, Relator "has failed to provide an explanation for why these [expenses] were reasonable" and has in fact failed to attach any supporting documentation. *Bell v. Mallin*, No. 17-cv-2001-T-27AAS, 2019 WL 969815, at *5 (M.D. Fla. Feb. 28, 2019). Therefore, the Undersigned **RECOMMENDS** that Relator's request for reimbursement of the courier fee and the delivery of disclosure fee on behalf of the Whistleblower Law Firm be **DENIED**.

    b.  Mr. Wolfson

Relator seeks $578.50 in costs and/or expenses on behalf of Mr. Wolfson. Specifically, Relator seeks: (1) $154.40 for making copies; (2) $124.50 for priority mail expenses; and (3) $299.60 in travel expenses. [DE 70-2 at 9; DE 78 at 11].

First, with respect to making copies, pursuant to 28 U.S.C. § 1920(4), a prevailing party may recover "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." The Eleventh Circuit Court of Appeals has explained that "in evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000).

Here, according to Relator, the expenses were "necessary." [DE 61 at 4]. While Relator has attached no supporting documentation to allow the Court to discern whether Relator could have reasonably believed it was necessary to copy the papers at issue, Habana has failed to file a response as to this matter. Thus, Habana has failed to challenge Relator's assertion that the photocopies were "necessarily made in this case." Therefore, the Undersigned **RECOMMENDS** that the District Judge award the $154.40 in copying costs to Mr. Wolfson.

Relator also seeks to recover $124.50 for priority mail costs and/or expenses on behalf of Mr. Wolfson. [DE 70-2 at 9; DE 78 at 11]. Priority mail costs are "not taxable under Section 1920, and should be denied." *Primerica Life Ins. Co. v. Guerra*, No. 16-22330-CIV, 2017 WL 5713927, at *4 (S.D. Fla. Sept. 5, 2017), *report and recommendation adopted in relevant part*, 2017 WL 5668045 (S.D. Fla. Sept. 21, 2017); *see also United States ex rel. Miller v. Rose Radiology, Inc.*, No. 13-cv-2757-T-35AAS, 2016 WL 11583123, at *7 (M.D. Fla. Oct. 18, 2016) ("While the filing fee as well as copying costs are compensable under Section 1920, express mailing fees are not."). To the extent the priority mail expenses may otherwise be recoverable, Relator "has failed to provide an explanation for why these [expenses] were reasonable" and has also failed to attach any supporting documentation. *Bell*, 2019 WL 969815, at *5. Therefore, the Undersigned **RECOMMENDS** that Relator's request for reimbursement of priority mail expenses on behalf of Mr. Wolfson be **DENIED**.

Finally, Relator seeks $299.60 in travel costs and/or expenses on behalf of Mr. Wolfson, for Mr. Wolfson's actions in driving with his client to meet with the Government. [DE 70-2 at 9; DE 78 at 11]. "Nothing in 28 U.S.C. § 1920 supports the taxing of travel expenses for attorneys. With respect to travel expense, the only allowable taxable costs relate to witnesses." *Exhibit Icons, LLC v. XP Companies, LLC*, No. 07-80824-CIV, 2009 WL 3877667, at *5 (S.D. Fla. Nov. 18. 2009); *see also Iloominate Media, Inc. v. CAIR Fla., Inc.*, No. 19-cv-81179, 2021 WL 4030008, ay *7 (S.D. Fla. Aug. 4, 2021) ("As a preliminary matter, costs not enumerated under 28 U.S.C. § 1920, such as travel expenses and expert fees, are not allowed . . . ."). However, "in this circuit, travel costs can be categorized and recovered as attorney's fees." *Grigorian v. FCA US, LLC*, No. 18-24364-CIV, 2021 WL 5605542, at *12 (S.D. Fla. Oct. 1, 2021), *report and recommendation adopted*, No. 18-25365-Civ, 2021 WL 5579276 (S.D. Fla. Nov. 30, 2021). And, "absent a showing

that a competent local attorney could not have been obtained, reduction of attorney fees by the amount representing travel time is appropriate." *Nitram, Inc. v. Industrial Risk Insurers*, 154 F.R.D. 274, 277 (M.D. Fla. Mar. 15, 1994). Accordingly, the Undersigned **RECOMMENDS** that Relator's request for reimbursement of travel costs or expenses on behalf of Mr. Wolfson be **DENIED**.[9]

Stated differently, the Undersigned **FINDS** and **RECOMMENDS** that Relator be awarded a *total* of $620.35 in costs and expenses (reflecting $465.85 in costs and expenses for the Whistleblower Law Firm, and $154.50 in costs and expenses for Mr. Wolfson).

D. <u>Joint and Several Liability</u>

As stated previously [DE 77 at 6], the court intended to, and now does **FIND AND RECOMMEND** that Habana be held jointly and severally liable for any award of attorneys' fees, costs, and expenses. Again, this is because of the discretion courts are vested in determining how to divide liability, and because joint and several liability would be appropriate under the facts of this case. *See United States v. Sleep Med. Ctr.*, No. 12-cv-1080-J-39PDB, 2016 WL 11567785, at *20 (M.D. Fla. Aug. 23, 2016), *report and recommendation adopted sub nom. United States ex rel. Nichols v. Sleep Med. Ctr.*, No. 12-cv-1080-J-39PDB, 2016 WL 11567770 (M.D. Fla. Dec. 6, 2016) (citing *Council for Periodical Distrib. Ass'ns v. Evans*, 827 F.2d 1483, 1487–88 (11th Cir. 1987)). Moreover, "[b]ecause granting a joint and several award of attorney's fees would increase the chance that [Relator] will recover the attorney's fees and costs owed . . . such an award follows the purpose of the attorney's fee provision of the False Claims Act." *Id.* at *21.

---

[9] The Court has also considered (and rejected) Mr. Wolfson's request for travel expenses within the body of his billing entries. *See* DE 78 at 4.

## IV.   <u>CONCLUSION</u>

In light of the foregoing, the Undersigned **RECOMMENDS** that the District Judge enter an Order **GRANTING IN PART AND DENYING IN PART** Relator's Fees Motion [DE 61], subject to the changes noted in Relator's Reply [DE 70]. For the reasons stated above, the Undersigned finds that Relator has failed to meet her burden of proving that the amount of attorneys' fees sought are reasonable and supportable, and that all costs and expenses sought are legally justified. Specifically, the Undersigned **RECOMMENDS** that the District Judge find Relator entitled to prevailing party attorneys' fees under the False Claims Act and the settlement agreement, award Relator a *total* of $76,013.25 in attorneys' fees (reflecting $35,325.75 for the Whistleblower Law Firm, and $40,687.50 for Mr. Wolfson), award Relator a *total* of $620.35 in costs and expenses (reflecting $465.85 in costs and expenses for the Whistleblower Law Firm, and $154.50 in costs and expenses for Mr. Wolfson), enter a Judgment thereon, and hold Habana jointly and severally liable for such amounts.

## <u>NOTICE OF RIGHT TO OBJECT</u>

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Kenneth A. Marra. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Florida, this 7th day of August, 2023.

WILLIAM MATTHEWMAN
United States Magistrate Judge